David M. Jacobson (WSBA #30125), admitted *pro hac vice*
jacobson.david@dorsey.com
Shawn Larsen-Bright (WSBA #37066), admitted *pro hac vice*
larsen.bright.shawn@dorsey.com
Jessica M. Andrade (WSBA #39297), admitted *pro hac vice*
andrade.jessica@dorsey.com
DORSEY & WHITNEY LLP
1420 Fifth Avenue, Suite 3400
Seattle, Washington 98101-4010
206-903-8800 (Tel) - 206-903-8820 (Fax)

Leslie Bryan Hart, Esq. (SBN #4932)
lhart@lionelsawyer.com
LIONEL SAWYER & COLLINS
1100 Bank of America Plaza
50 W. Liberty St.
Reno, NV 89501
775-788-8650 (Tel) - 775-788-8682 (Fax)

Attorneys for Plaintiff Deep Well Oil & Gas, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEEP WELL OIL & GAS, INC. | CASE NO. 3:08-CV-00173-ECR-RAM |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| TAMM OIL AND GAS CORP., | |
| Defendant. | |
| _____/ | |

STIPULATION AND PROTECTIVE ORDER                1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    WHEREAS Plaintiff Deep Well Oil & Gas, Inc. and Defendant Tamm Oil and Gas
2    Corp., the parties in the above-captioned action (the "Proceeding"), have requested or may
3    request the discovery of documents, things, or information containing privileged, private,
4    confidential, proprietary, trade secret or commercially sensitive information; and

5    WHEREAS the parties could be seriously prejudiced by the disclosure of such privileged,
6    private, confidential, proprietary, trade secret or commercially sensitive information to third
7    parties.

8    IT IS THEREFORE HEREBY STIPULATED AND AGREED by the parties, through
9    their undersigned counsel, that a stipulated Protective Order shall govern the handling of all
10   information contained in documents, recordings, testimony, exhibits, and any other written,
11   recorded or graphic matter ("discovery material" or simply "material") produced or obtained by
12   any party in connection with this Proceeding, whether or not in response to a formal request for
13   documents or information. The provisions of this stipulated Protective Order also shall apply to
14   any non-party who provides discovery material and agrees to be bound by the terms of this
15   stipulated Protective Order, and references to a "party" or "parties" herein shall also include such
16   non-parties.

17   The parties stipulate and agree to the entry of the following Protective Order:

18   1.    All discovery designated "Confidential" under this Protective Order shall be used
19   solely for the purpose of prosecuting or defending the Proceeding and for no other purpose.

20   2.    The party producing discovery material containing information that is not publicly
21   available may designate as "Confidential" such information that it in good faith believes
22   embodies privileged, private, confidential, proprietary, trade secret or commercially sensitive
23   information ("Confidential Information"). The producing party may designate Confidential
24   Information by stamping each page of a document containing such Confidential Information with
25   the legend "Confidential." With respect to multi-page documents which contain Confidential

STIPULATION AND PROTECTIVE ORDER      2

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Information, the designation may be made by stamping only the first page thereof "Confidential." With respect to depositions or other pre-trial testimony, the designation may be made by (a) a statement on the record by counsel at the time of or immediately following the disclosure that such testimony shall be treated as Confidential Information; or (b) by written notice, sent by counsel, within five (5) business days after receiving a copy of the transcript of such testimony, that such testimony shall be treated as Confidential Information.

3. Inadvertent failure to designate material as Confidential shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. When a confidential designation is subsequently made with respect to any material, the receiving party shall treat such material as confidential and shall promptly inform any persons to whom the receiving party transmitted copies of such material that the material has been designated confidential.

4. Confidential Information may be disclosed to or made available by the party receiving such information, only to the following "Qualified Persons" as defined herein. The term "Qualified Persons" means:

    a. The Court and employees thereof if filed under seal, unless the Court orders otherwise;

    b. Any party to the Proceeding (including in-house counsel and corporate officers);

    c. Outside counsel of record to any party to the Proceeding;

    d. Court reporters;

    e. Outside experts, advisors or consultants retained by counsel of record in the Proceeding, but only to the extent reasonably deemed necessary by such counsel of record; provided that such experts, advisors or consultants are not employed by any non-party competitor of the producing party and that prior to disclosure of any Confidential

STIPULATION AND PROTECTIVE ORDER     3

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Information, counsel for the party proposing such disclosure shall deliver a copy of this Protective Order to any such expert, advisor or consultant, shall explain the terms of the Protective Order, and such expert, advisor or consultant shall execute a copy of a Confidentiality Agreement in the form of Exhibit A. The expert, advisor, or consultant shall further acknowledge that he or she is subject to the jurisdiction of the Court and to any other court that may obtain jurisdiction. A copy of each such undertaking shall be forwarded to the other parties at the end of the Proceeding or at the time the identity of the expert, advisor or consultant is disclosed. If any expert, advisor or consultant is called to testify, a copy of such person's undertaking will be provided to the other party no later than that time;

  f. Potential fact witnesses, to the extent reasonably necessary, in connection with their testimony or in preparation thereof, provided that such witness is given a copy of the Protective Order, is advised that he or she is subject to its terms and conditions and acknowledges the terms thereof by the execution of a Confidentiality Agreement in the form of Exhibit A. The witness shall further acknowledge that he or she is subject to the jurisdiction of the Court and to any other court that may obtain jurisdiction. A copy of such Confidentiality Agreement shall be furnished to the other parties at the end of the Proceeding or the time the identity of the fact witness is disclosed. In the case of actual testimony, the witness shall acknowledge on the record that he or she has read the Protective Order and will abide by its terms; and

  g. Other persons only after notice to all parties and upon order of the Court, or upon prior written consent of the producing party.

5. The terms counsel, expert, advisor and consultant include their staff who are assigned to and necessary to assist such counsel, expert, advisor or consultant in the preparation of this litigation.

STIPULATION AND PROTECTIVE ORDER 4

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

6.      Nothing in this Protective Order shall preclude any party to this Proceeding or their attorneys from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential.

7.      All Qualified Persons who have received Confidential material pursuant hereto shall safeguard such information so as to prevent its disclosure to persons who are not Qualified Persons entitled to see such Confidential material.

8.      Subject to the Rules of Civil Procedure and Rules of Evidence, documents containing Confidential material may be offered into evidence in the Proceeding or as part of any hearing related thereto, only on the following conditions:

    a.      <u>Use in Any Motion/Pre-Trial Filing</u>.  The parties agree that, due to the expedited discovery schedule expected in this case, a party may file a pleading, motion or other pre-trial filing that contains Confidential Information under seal without first filing a separate motion to seal the Confidential Information.  The Court, upon its own initiative, or upon request by another party, may determine that any purportedly Confidential Information is not confidential and should be unsealed.  The party who made the confidential designation shall bear the burden to establish that the document is actually confidential regardless of who is filing the motion.  Consistent with Ninth Circuit precedent, the standard of proof on non-dispositive motions or other filings shall be the good cause shown standard.  The standard of proof on dispositive motions shall be the compelling reasons standard.  All documents and all pleadings, motions or other papers filed with the Court under seal, shall remain under seal by the Clerk of the Court, until further order of the Court to unseal such documents.  To the extent reasonably feasible, only confidential portions of filings with the Court will be filed under seal.

    b.      <u>Use as an Exhibit at Pre-Trial Hearings or at Trial</u>.  The parties will raise any disputes over the sealing of particular exhibits to be used at trial or at any evidentiary

STIPULATION AND PROTECTIVE ORDER — 5

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

hearing (including, but not limited to, any hearing relating to preliminary injunctive relief) with the Judge in a pre-trial or pre-hearing conference, without actually filing the exhibits, and the Judge will make the ultimate determination of whether a particular document should be submitted under seal at the trial or other evidentiary hearing. The party who made the confidential designation shall bear the ultimate burden to show that the document is actually confidential regardless of who identified the document as an exhibit. Consistent with Ninth Circuit precedent, the standard of proof on exhibits and information to be presented during pre-trail hearings (including, but not limited to, any hearing related to preliminary injunctive relief) shall be the good cause shown standard. The standard of proof on exhibits or information to be used at trial shall be the compelling reasons standard.

9. Any party to the Proceeding to whom Confidential Information is produced or disclosed may object to the Confidential designation. The objection shall be made in writing to counsel for the designating party (the "Notice"). The Notice shall have attached a copy of such designated material or shall identify each subject document by production number and shall (a) state that the receiving party objects to the designation and (b) set forth the particular reasons for such objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) calendar days of the date of service of the objection, the objecting party may move to remove the Confidential designation. All material whose designation is so objected to shall continue to be treated as Confidential material until there is a ruling to the contrary.

10. Any party may move for an order that Confidential material offered in evidence be received under conditions to prevent its disclosure to persons or entities not entitled under this Protective Order to have access to it.

STIPULATION AND PROTECTIVE ORDER       6

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

11. All Confidential material and all copies thereof shall be destroyed, and certified to the producing party as having been destroyed, or alternatively returned to counsel for the producing party within sixty (60) days after the final conclusion of the Proceeding.

12. After the termination of this Proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

13. The inadvertent production of any discovery material shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product, and the producing party shall not be held to have waived any such claim by inadvertent production, provided that the producing party, upon discovery of the inadvertent production, promptly advises the other parties of its position and identifies the documents to which the assertion is claimed. All inadvertently produced material as to which a claim of privilege is asserted and any copies thereof shall be returned promptly, and no party shall attempt to use the content of such material in evidence. Provided, however, that nothing in this stipulation shall limit any party from challenging in court any assertion that a document is privileged in any way or is work product.

14. If Confidential material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15. Any notice required or permitted herein shall be made to the parties' counsels or record. Notice may be by telephone with facsimile confirmation or other such means so as to provide timely notice as appropriate.

STIPULATION AND PROTECTIVE ORDER         7

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

16. Nothing herein shall prevent the parties from seeking an order from the Court further restricting the use or access to information.

17. Each of the parties hereto shall be entitled to seek modification of this Protective Order for good cause shown by application to the Court on reasonable notice to the other parties hereto.

So stipulated and respectfully submitted this 5th day of May, 2008.

/s/ Thomas F. Kummer
Thomas F. Kummer, Esq. (NSB #1200)
Neal Klegerman, Esq. (NSB #7080)
Lisa Zastrow, Esq. (NSB #7048)
KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
3800 Howard Hughes Parkway
Seventh Floor
Las Vegas, Nevada 89109
(702) 792-7000
(702) 796-7181 (Fax)

Attorneys for Defendant
Tamm Oil and Gas Corp.

/s/ David M. Jacobson
David M. Jacobson, Esq. (WSBA #30125)
Shawn Larsen-Bright, Esq. (WSBA #37066)
Jessica M. Andrade, Esq. (WSBA #39297)
DORSEY & WHITNEY LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
(206) 903-8800
(206) 903-8820 (Fax)
*Admitted pro hac vice*

Leslie Bryan Hart, Esq. (SBN # 4932)
1100 Bank of America Plaza
50 W. Liberty St.
Reno, NV 89501
775-788-8650
775-788-8682 (Fax)

Attorneys for Plaintiff
Deep Well Oil & Gas, Inc.

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ____ May 6, 2008 _____

STIPULATION AND PROTECTIVE ORDER 8

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER

## Confidentiality Agreement

I, _____, have been provided a copy of the Stipulation and Protective Order issued in Deep Well Oil & Gas, Inc. v. Tamm Oil and Gas Corp., District of Nevada Case No. 3:08-CV-00173-ECR-RAM (D. Nev.).  I agree to be bound by the terms of this Stipulation and Protective Order and consent to the personal jurisdiction of the Court in any proceedings that refer or relate to my obligations under the Stipulation and Protective Order.

Signed this __ day of _____ 2008.

_____

STIPULATION AND PROTECTIVE ORDER          9

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I certify that on this 5th day of May, 2008, I caused to be served a true copy of the foregoing of the following documents on the individual identified below:

1. **Stipulation and Protective Order**

Said pleadings were served upon:

| | |
|---|---|
| Thomas Kummer<br>KUMMER KAEMPFER BONNER<br>RENSHAW & FERRARIO<br>3800 Howard Hughes Parkway<br>Seventh Floor<br>Las Vegas, NV 89109 | ☐ By Messenger<br>☐ By Regular U.S. Mail<br>☒ By Electronic Service: |

Dated this 5th day of May, 2008.

/s/ Kara Harrington

Kara Harrington

CERTIFICATE OF SERVICE

-1-

4812-4084-0962\1 4/28/2008 4:54 PM
4812-4084-0962\1 4/28/2008 4:54 PM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820