David M. Jacobson (WSBA 30125), admitted *pro hac vice*
jacobson.david@dorsey.com
Shawn Larsen-Bright (WSBA 37066), admitted *pro hac vice*
larsen.bright.shawn@dorsey.com
Jessica M. Andrade (WSBA 39297), admitted *pro hac vice*
andrade.jessica@dorsey.com
DORSEY & WHITNEY LLP
1420 Fifth Avenue, Suite 3400
Seattle, Washington 98101-4010
206-903-8800 (Tel) - 206-903-8820 (Fax)

Leslie Bryan Hart, Esq. (SBN 4932)
lhart@lionelsawyer.com
LIONEL SAWYER & COLLINS
1100 Bank of America Plaza
50 W. Liberty St.
Reno, NV  89501
775-788-8650 (Tel)  -  775-788-8682 (Fax)

Attorneys for Plaintiff Deep Well Oil & Gas, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEEP WELL OIL & GAS, INC.

                Plaintiff,

vs.

TAMM OIL AND GAS CORP., GARRY
TIGHE, WILLIAM TIGHE, SEAN
DICKENSON, JOHN MUZZIN, CRAIG
AURINGER, GUIDO HILEKES, PETER
SCHREIBER, OLAF HERR, ARTHUR
SULZER, LB (SWISS) PRIVATE BANK,
LTD., and RAHN & BODMER
BANQUIERS.

                Defendants.

CASE NO.:3:08-cv-00173-ECR-RAM

**FIRST AMENDED COMPLAINT (JURY
DEMAND)**

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

FIRST AMENDED COMPLAINT       -1-

Plaintiff Deep Well Oil & Gas, Inc., for its first amended complaint against the named Defendants alleges as follows:

## I.   JURISDICTION AND VENUE

1.      The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 78aa, and 15 U.S.C. § 1121(a).

2.      Venue and personal jurisdiction properly exist in this judicial district because Deep Well and Tamm are Nevada corporations, all of the Defendants purposefully directed their actions toward the forum, and this case arises from those purposeful actions.

## II.    PARTIES

3.      Plaintiff Deep Well Oil & Gas, Inc. ("Deep Well") is a Nevada corporation with its principal place of business at 510 Royal Bank Building, 10117 Jasper Avenue, Edmonton, Alberta, Canada, T5J 1W8.

4.      Defendant Tamm Oil and Gas Corp. ("Tamm") is a Nevada corporation with principal executive offices located at Suite 460, 734 7 Ave SW, Calgary, Alberta, Canada T2P 3P8.

5.      Defendant Garry Tighe is a citizen of Canada who resides at 89 Arbour Ridge Heights NW; Calgary, Alberta, Canada T3G 5K8.

6.      Defendant William Tighe is a citizen of Canada who resides at 245 Citadel Way NW; Calgary, AB T3G 4W8.

7.      Defendant Sean Dickenson is a citizen of Canada who resides at 203 2630 Arbutus Street; Vancouver, A1 V6J 5L8.

8.      Defendant John Muzzin is a citizen of Canada who works for Muzz Investments, Inc. which is located at  3779 34th Street, Ladner (Delta), British Columbia, Canada V4K 3N2

9.      Defendant Craig Auringer is a citizen of Canada.  His residence is unknown at this time.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

10.     Defendant Guido Hilekes is a citizen of Switzerland who works at MEDICOR AG Switzerland; Gewerbestrasse 10; 6330 Cham – Zug; Switzerland.

11.     Defendant Peter Schreiber is a citizen of Switzerland who lives at 750 Greenwood Road; Vancouver BC V7S 1X7; Canada.

12.     Defendant Olaf Herr is a citizen of Switzerland who works at LB (Swiss) Privatbank, Ltd.; Borsenstrasse 16, Postfach CH-8022; Zurich, Switzerland.

13.     Defendant Arthur Sulzer, is a citizen of Switzerland who resides at Oberer Hüsliweg 33 CH-8166, Niederweningen, Switzerland.

14.     Defendant LB (Swiss) Private Bank, Ltd. ("LB(Swiss)") is a bank in Switzerland with principal executive offices located at Boersenstrasse 16, Postfach CH-8022, Zurich, Switzerland.

15.     Defendant Rahn & Bodmer Banquiers ("Rahn & Bodmer") is a bank in Switzerland with principal executive offices located at Talstrasse 15, 8022 Zürich, Switzerland

### III.     FACTS

#### Background Facts

16.     Deep Well is in the business of oil and gas exploration and development, primarily focused on oil sands located in Alberta, Canada. Deep Well is a publicly traded company, with shares traded on the pink sheets under the symbol DWOG.PK.

17.     Among Deep Well's primary assets is its extensive interest in the Sawn Lake heavy oil region in North Central Alberta. The Sawn Lake region has been estimated to contain 819.4 million original barrels of oil in place.

18.     Defendant Tamm is a publicly traded company, with shares traded on the over the counter bulletin board under the symbol TAMO.OB.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

19.     According to its filings with the Securities and Exchange Commission ("SEC") Defendant Tamm was formerly known as Hola Communications, Inc., and was formed to provide wireless broadband access in Northern Mexico and Southwestern California.

20.     According to its SEC filings, in October of 2007, Tamm discontinued its original operations and redirected its efforts to the oil and gas industry, and in November 2007 effected its change to its current name.

21.     On November 16, 2007, just two days after publicly announcing its name change, Tamm announced that it had entered into two separate agreements to acquire interests in the Sawn Lake oil sands.

**Tamm Announces an Improper and Thinly Veiled Tender Offer for Deep Well**

22.     Shortly thereafter, and without complying with any of the requirements under the federal securities laws for doing so, Tamm revealed a tender offer for the shares of Deep Well. On December 6, 2007, Tamm issued a press release ("Announcement") entitled "Tamm Oil Enters Into Share Exchange Agreement With Shareholders of Deep Well Oil & Gas." The Announcement stated, in part:

> **Tamm Oil and Gas Corp. . . . is pleased to announce that the Company has entered into a Share Exchange Agreement with Shareholders of Deep Well Oil & Gas, Inc. . . . wherein Tamm will acquire 31,800,000 shares of Deep Well, which based on 83 million Deep Well shares outstanding, represents 38% of Deep Well's holdings in Sawn Lake, in exchange for 31,800,000 shares of Tamm Oil and Gas.** The share exchange will increase Tamm's working interest substantially in 63 sections of Oil Sands leases in the Sawn Lake Region in Northern Alberta. Through the combination of this share exchange, a pending acquisition and an earlier announced Gross Overriding Royalty Rights ("GORR") acquisition, Tamm will hold directly and indirectly, a majority interest in the project containing an estimated 819.5 million initial barrels of oil in place.
>
> \*     \*     \*
>
> "This share exchange dramatically increases Tamm's interest in the prolific Sawn Lake Oil Sands region of Northern Alberta . . . . We will now directly and indirectly control a major interest in 63 sections of Oil Sands leases in the Sawn Lake Region," states Sean Dickenson, President of Tamm Oil and Gas.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

\*       \*       \*

"This means that in the span of just a few weeks, Tamm has become a significant player in the booming oil sands play in Alberta," adds Dickenson. (emphasis added).

23.     As the Announcement itself reveals, to have entered into an agreement Tamm must have engaged in active and widespread solicitation of Deep Well shareholders in support of its tender offer, efforts sufficiently broad to enable Tamm to reach agreements to acquire an enormous percentage (38%) of Deep Well's outstanding shares. In addition, the Announcement itself constituted a public solicitation of additional shares.

24.     The terms of Tamm's tender offer to Deep Well's shareholders were apparent from the Announcement. Tamm would acquire shares of Deep Well through a 1:1 exchange of Deep Well shares for Tamm shares. Given the respective market prices of the shares of the two companies, Tamm's offer represented a significant premium to the shareholders of Deep Well. At the close of the markets on December 5, 2007, the day before the Announcement, Tamm's shares had closed at $2.21 while Deep Well's shares had closed at $0.47.

25.     Tamm's Announcement told Deep Well shareholders that Tamm had already acquired a controlling interest of Deep Well through stock exchanges on the terms stated in the Announcement, and indicated to Deep Well shareholders that Tamm was willing to acquire their shares and to pay a substantial premium for them, through the same non-negotiable 1:1 exchange for Tamm shares. The Announcement did not, however, state how long the offer would remain open, thus pressuring Deep Well shareholders to decide immediately whether to act on the exchange offer.

26.     Shortly after the Announcement, Deep Well met with Tamm to discuss the Announcement. Garry Tighe– the brother of William Tighe, the then-current Chairman of the Tamm Board of Directors –represented Tamm at the meeting with Deep Well. Garry Tighe indicated that Tamm was soliciting Deep Well shareholders with the 1:1 exchange offer, and that

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Tamm had imposed a firm deadline on Deep Well shareholders' time to respond to the tender offer. On information and belief, both before and after the Announcement, Tamm actively solicited other Deep Well shareholders to acquire their shares on these firm terms.

27. Yet Tamm did not make any SEC filings or other mandatory disclosures in connection with its tender offer and acquisition efforts at that time. The only document Deep Well received in connection with the acquisitions asserted in the Announcement was a partial, unsigned contract it received from a party purporting to be a broker acting on behalf of an apparent shareholder seller.

28. Furthermore, despite the representations contained in the Announcement, Tamm did not at that time send to Deep Well or file with the SEC any statement of beneficial ownership relating to its purported 38% interest in Deep Well. Federal securities laws required such a filing to be made with the SEC and provided to Deep Well within 10 days after entering the share exchange agreements referenced in the Announcement.

29. The Announcement contained materially false and/or misleading statements or omissions, including the statement that Tamm had through the agreements substantially increased its working interest in the Sawn Lake project. In fact, Tamm had at most entered into agreements that when consummated would increase its interest in Deep Well. Tamm knew that it had not increased any direct ownership interest in Sawn Lake, yet it falsely stated that it had. Moreover, on information and belief, the statement that Tamm had entered into agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007, was false and designed to mislead Deep Well shareholders about the extent of Tamm's interest in Deep Well and impose thereby pressure on them to decide how to respond to the Announcement and other solicitation activity.

30. On December 10, 2007, an analyst with SISM Research and Investment Services ("SISM Research") issued a stock research report that repeated many of the statements contained

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

in the Announcement, further disseminating them to the market, including that Tamm had become the largest stakeholder in the Sawn Lake project and that Tamm had acquired 31,800,000 shares from Deep Well shareholders, representing 38% of Deep Well's holdings in Sawn Lake.  The SISM Research stated in part:

> last week Tamm Oil announced it had acquired 31,800,000 shares from Deep Well shareholders, representing 38% of Deep Well's holdings in Sawn Lake.
>
> Tamm will become the largest stakeholder with a beneficial ownership of 45.7% of this play.

The company that issued this report, SISM Research, was retained and paid by Tamm for its coverage of Tamm's stock. On information and belief, the representations in the SISM Research report were based on information provided to SISM Research by Tamm or its agents. Tamm knew or was deliberately reckless in disregarding that these statements were false or misleading.

**Tamm Confirms Its Tender Offer Through Its Purchase of 21,533,000 Deep Well Shares**

31.   Tamm's Announcement shortly preceded Tamm's accumulation of a substantial number of Deep Well's shares in late December of 2007 on the exact terms described in the Announcement.

32.   On January 9, 2008, Tamm filed a Form 8-K with the SEC ("8-K"). The 8-K contained the following statement:

> Effective December 27, 2007 Tamm Oil and Gas Corp. ("we", "us", "our" or "Tamm") entered into share exchange agreements (the "Exchange Agreements") with the following shareholders of Deep Well Oil & Gas Inc. ("DWOG"): LB (Swiss) Private Bank Ltd., Arthur Sulzer and Rahn & Bodmer (collectively the "DWOG Shareholders"). **Pursuant to the terms of the Exchange Agreements the DWOG Shareholders agreed to transfer to DWOG an aggregate of 21,533,000 restricted shares of DWOG held by them in exchange for an aggregate of 21,533,000 of our shares of common stock.** (emphasis added).

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

33.     Tamm's 8-K confirmed and reiterated Tamm's tender offer and confirmed Tamm's willingness to acquire the shares of Deep Well shareholders through a firm price of a 1:1 exchange of Deep Well shares for Tamm shares.

34.     Notwithstanding the number of Deep Well shares allegedly exchanged under the three agreements attached to Tamm's 8-K, Deep Well's records show that LB(Swiss) Private Bank Ltd. owned approximately 5 million shares of Deep Well stock, and there is no record of ownership by Rahn & Bodmer or Sulzer. Deep Well's records do not support the notion that the three entities that purportedly entered into agreements with Tamm owned a total of 21,533,000 shares of Deep Well stock. Furthermore, none of such parties have ever filed any required SEC report indicating that it owned or sold at least five percent of Deep Well's shares.

35.     On information and belief, Tamm actively solicited Deep Well shareholders, either directly or indirectly, in addition to the three referenced in the 8-K as part of its undisclosed efforts to acquire a substantial ownership interest in Deep Well.

36.     The information contained in the 8-K left it ambiguous as to what, if any, relationship the December 27, 2007, agreements had with the acquisition set forth in the Announcement. What was made even more clear, however, was that Tamm was actively engaged in tender offer efforts to acquire substantial numbers of shares from Deep Well shareholders – Tamm was still pursuing agreements with Deep Well shareholders to purchase approximately another ten million more shares (approximately 12%) and/or was using the Announcement as part of its efforts to obtain additional shares.

37.     On January 18, 2007, Tamm filed a Form 8-K/A which contained additional details about its acquisition of 21,533,000 shares of Deep Well. This release again communicated to Deep Well shareholders that Tamm was willing to acquire their shares on a 1:1 exchange basis.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

38.     Tamm, however, did not send to Deep Well or file with the SEC any appropriate statement of beneficial ownership regarding the 21,533,000 Deep Well shares Tamm now stated it owned until February 27, 2008, seven weeks after the 8-K and almost three months after the Announcement.

**Tamm Seeks To Exert Its Influence**

39.     Subsequently, Tamm confirmed that it intends to try to exert influence as a controlling shareholder of Deep Well, despite its failure to file timely, full, adequate or truthful disclosures relating to its tender offer activities and ownership interests.

40.     In late January of 2008, Garry Tighe called a representative of Deep Well and demanded that two directors on the Deep Well Board be removed and replaced with two nominees put forth by Tamm.

**Tamm's Misleading 10Q**

41.     On February 19, 2008, Tamm filed its quarterly report with the SEC on Form 10QSB ("10Q").

42.     In the 10Q, under the heading "Investment in Deep Well Oil & Gas, Inc.," Tamm stated that it had acquired 21,533,000 shares of Deep Well effective December 27, 2007. However, Tamm made no reference in the 10Q to its purported acquisition of 31,800,000 Deep Well shares as it had disclosed in its early December 2007 Announcement. Tamm's failure to disclose agreements or other evidence in support of the statement of December 6, 2007, shows that the statement was knowingly false.

43.     Tamm's 10Q reflected an impairment charge in connection with the issuance of its own 21,533,000 shares to exchange for the 21,533,000 Deep Well shares it purchased. Tamm stated that the fair value of those shares was $3,445,280 (or $0.16 per share).

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

44.     Tamm's disclosures regarding its investments in Deep Well have been materially false and misleading. To this day, Tamm has failed to make adequate disclosures regarding its tender offer activities and beneficial interests in Deep Well.

45.     Tamm's 10Q also revealed that some of its other prior disclosures and representations had contained false and/or misleading statements or omissions. For instance, on November 16, 2007, Tamm announced that it had "entered into a definitive agreement to purchase" certain "Gross Overriding Royalty Rights" in the Sawn Lake region and that it had "acquire[d]" such interests. In the Announcement, Tamm similarly stated that it had "completed the acquisition" of those Royalty Rights. Tamm's 10Q, however, disclosed that in fact the agreement had not been finalized. Tamm knew its earlier statements were false when it made them. Likewise, Tamm made numerous statements, including in a January 15, 2008 press release and others, that misleadingly suggested that the potential interests Tamm could obtain through a letter of intent it executed with 1132559 Alberta Ltd. were assets it had actually "acquire[d]." Tamm's 10Q, however, disclosed that the agreement with 1132559 had not been finalized. These statements misled shareholders about the extent of Tamm's interests in the Sawn Lake project and the diminution of Deep Well's interest, further pressuring Deep Well shareholders to respond to the tender offer. Tamm has made repeated and continuous false statements about its ownership and control of Deep Well, and about its ownership of Sawn Lake. These misstatements have been intentional and designed to disparage Deep Well in furtherance of Tamm's disguised tender offer.

**Tamm's Untimely, Inadequate, and Misleading Schedule 13D**

46.     On February 27, 2008, after receiving notice that Deep Well was considering filing a lawsuit against Tamm, and almost three months after Tamm's Announcement of its intent to acquire more than 5% of Deep Well's outstanding shares, Tamm filed with the SEC and

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

sent to Deep Well a Form 3 and Schedule 13D. These documents were filed well after their respective due dates of 10 days after the triggering acquisition.

47.     The Schedule 13D contained materially false or misleading statements, including that the purpose of the transaction was for Tamm to hold Deep Well's shares for "investment purposes." Garry Tighe's statements alleged above prove this was untrue, and prove that Tamm knew it was untrue at the time it made the statements in the 13D. The Schedule 13D filed by Tamm failed to disclose Tamm's intent to acquire control of Deep Well and the Sawn Lake project, as evidenced by Garry Tighe's demand for placement of directors on Deep Well's board as well as by Tamm's numerous press releases, the SISM Research and Investment Services Report, the 8-K and the 8-K/A.

48.     The Schedule 13D also failed to disclose, among other things, any of Tamm's contracts, arrangements, understandings or relationships with respect to Deep Well's shares, and contained the material false or misleading statement that there were no such contracts, arrangements, understandings or relationships. On December 6, 2007, Tamm announced publicly that it had contracts or other arrangements to purchase 31,800,000 of Deep Well's shares, yet Tamm's 8-K and subsequent filings contradicted this statement, representing that Tamm had only purchased 21,533,000 shares to date. None of the asserted additional contracts or relationships were disclosed in the Schedule 13D, demonstrating that the December 6, 2007, statements were knowingly false.

**Tamm Refuses to Provide Information and Continues to Funnel Misleading Information to the Market and Deep Well Shareholders**

49.     On March 18, 2008, Deep Well's counsel sent a letter to Tamm's counsel indicating its concerns and requesting information about Tamm's acquisition of Deep Well shares and interests in Deep Well and Sawn Lake. Deep Well requested that Tamm respond by March 31, 2008. By that date, Tamm had not responded with any information about its activities.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

50.     Instead, on March 28, 2008, an analyst with SISM Research, the company retained and now paid monthly for its coverage of Tamm's stock by Tamm's Investor Relations firm, Alphatron AG, issued another stock research report that contained materially false or misleading statements about Tamm's interests in Deep Well and Sawn Lake. The research report stated that "Tamm also has a beneficial ownership of 45.7% and a 2% Gross Overriding Royalty right in the Sawn Lake Project" and that "Tamm Oil has a direct and [sic] ownership of 45.7% in the Sawn Lake Project." Later in the report Deep Well was referred to only as the "operator of the Sawn Lake Project." Tamm knew these statements were untrue when it made them. On information and belief, the representations in the SISM Research report were based on information provided to SISM Research by Tamm or its agents.

51.     Also on March 28, 2008, a press release was issued by Investrend Research Syndicate. The press release referred to and summarized the March 28, 2008 SISM Research report and likewise contained materially false or misleading statements or omissions about Tamm's interests in Sawn Lake. The press release stated: "[Tamm's] Sawn Lake Project 'holds 3P recoverable reserves and up to 175 million barrels of oil' . . . Tamm has 31.5 net sections in the [Sawn Lake] area." The press release was widely available through www.forbes.com.

**Tamm's Conduct Is Harming Deep Well and Its Shareholders**

52.     On information and belief, Tamm is continuing to pursue its tender offer to obtain shares of Deep Well through acquisitions from Deep Well shareholders.

53.     Deep Well and its shareholders have been and continue to be irreparably harmed by Tamm's conduct as alleged above by having control of the company taken over by Tamm without adequate, timely or truthful disclosures and information required by federal law, including but not limited to information concerning Tamm's intentions in obtaining control of Deep Well, and the purpose, terms, scope and time frame of Tamm's tender offer.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

54.     Deep Well and its shareholders are further being harmed by being deprived of information necessary to assess the tender offer and to respond to the tender offer, including shareholders making the decision whether to retain or exchange their shares in the tender offer at the same time Tamm's public statements asserted pressure on Deep Well's shareholders to decide how to respond to the tender offer.

55.     Deep Well and its shareholders are further being harmed by Tamm's materially false or misleading statements and material omissions about its supposed control of Deep Well and ownership of the Sawn Lake Project. These statements are causing harm to Deep Well by derogating Deep Well's business, its reputation, and its goodwill.

56.     Deep Well and its shareholders are further being harmed by being deprived of the opportunity for Deep Well's current management to assess the tender offer and make a recommendation in regard to it, and by shareholders thus being required to make a decision about the tender offer without the benefit of Deep Well's current management's recommendation. Deep Well's current management was and continues to be illegally deprived of information from Tamm about the tender offer and therefore could not and cannot provide its shareholders with an informed recommendation.

57.     Deep Well's shareholders are further being irreparably harmed by being denied substantive rights in the tender offer that they are entitled to under federal law, including but not limited to right to participate in the tender offer, as well as rights of withdrawal.

58.     There is an immediate risk that Tamm will effect transfer and/or exercise its illegally obtained rights of ownership in the shares, including its voting rights, to control Deep Well and replace its current management, in violation of federal law and further harming Deep Well's shareholders by imposing on them management and control of Deep Well by an entity that obtained that control illegally and substantially in secret.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

59.     The harm to Deep Well and its shareholders described above is immediate, irreparable and ongoing. It cannot be remedied through damages and can only be remedied through imposition of preliminary and permanent injunctive relief as requested herein.

## IV.     CAUSES OF ACTION

**First Cause of Action: Violation of Section 13(d) of the Securities Exchange Act of 1934**

### (Tamm)

60.     Plaintiff realleges paragraphs 1 through 59 as if set forth fully herein.

61.     Section 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act") generally provides that any person who, after acquiring directly or indirectly the beneficial ownership of an equity security such as Deep Well's shares, is directly or indirectly the beneficial owner of more than five percent (5%) of such securities, must within ten days after such acquisition, send to the issuer of the security at its principal executive office, by registered or certified mail, send to each exchange where the security is traded, and file with the SEC, a statement containing certain information specified by the statute and the regulations promulgated thereunder. The information that § 13(d) requires includes such things as: identity, background and nature of ownership of the purchaser, source and amount of funds used to make purchases, plans for any change of control, number of shares owned, and information as to arrangements or plans for the securities.

62.     Pursuant to the Announcement, as of December 6, 2007, Tamm had entered into agreements to acquire 31,800,000 shares, or more than five percent (5%) of Deep Well's outstanding shares. Tamm did not then file a statement of beneficial ownership, or send such a statement to Deep Well, within ten days as required by law.

63.     Pursuant to Tamm's January 9, 2008 8-K, as of December 27, 2007, Tamm had completed acquisition of 21,533,000 shares of Deep Well, or more than five percent (5%) of

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Deep Well's outstanding shares. Again, Tamm did not then file a statement of beneficial ownership, or send such a statement to Deep Well, within ten days as required by law.

64. Tamm's February 27, 2008, Schedule 13D was filed more than three months after its Announcement and more than six weeks after its 8-K, in violation of law.

65. The substance of Tamm's Schedule 13D is also inadequate under the Exchange Act. The Schedule 13D fails to disclose information required to be disclosed by law, including with regard to Tamm's purpose or intent to acquire control over Deep Well and its operations and with regard to its other contracts or other arrangements with respect to Deep Well shares. Further, the Schedule 13D contains materially false or misleading statements. The representations in the Schedule 13D materially conflict with the actions of Garry Tighe, Tamm's numerous press releases, the Announcement, the SISM Research reports, as well as Tamm's 8-K and 8-K/A, all showing that Tamm knew the statements were false.

66. Deep Well and its shareholders have been injured by Tamm's conduct.

**Second Cause of Action: Violation of Section 14(d) of the Exchange Act**

**(All Defendants)**

67. Plaintiff realleges paragraphs 1 through 66 as if set forth fully herein.

68. Section 14(d) of the Exchange Act generally makes it unlawful for any person, directly or indirectly, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, to make a tender offer for any equity security, such as Deep Well's shares, if, after consummation thereof the person would, directly or indirectly, be the beneficial owner of more than five percent (5%) of such security unless at the time copies of the offer are first published or sent or given to security holders such person has filed with the SEC a statement containing certain information as required by the statute and the regulations promulgated thereunder.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

69.     In connection with and preceding the Announcement relating to Tamm's agreement to acquire 31,800,000 Deep Well shares and in connection with and preceding Tamm's apparent acquisition of 21,533,000 Deep Well shares, and subsequently, Defendants acting through Tamm made a tender offer to Deep Well shareholders to purchase their shares, which after consummation, would and did provide Tamm with a beneficial ownership of more than five percent (5%) of Deep Well's shares.

70.     At no time have Defendants filed with the SEC any statement or other required materials regarding the tender offer efforts in the form required by the statute and regulations.

71.     Similarly, Defendants failed to advise Deep Well of the terms of the tender offer and failed to make other disclosures to Deep Well, as required by law.

72.     Defendants also failed to allow all of Deep Well's shareholders to participate in the tender offer, as required by law.

73.     Deep Well and its shareholders have been injured by Defendants' conduct.

**Third Cause of Action: Violation of Section 14(e) of the Exchange Act**

**(All Defendants)**

74.     Plaintiff realleges paragraphs 1 through 73 as if set forth fully herein.

75.     Section 14(e) of the Exchange Act generally makes it unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation.

76.     In connection with and preceding the Announcement relating to Tamm's agreement to purchase of 31,800,000 Deep Well shares and in connection with and preceding

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Tamm's apparent purchase of 21,533,000 Deep Well shares, and subsequently, Defendants, through Tamm, made a tender offer to Deep Well shareholders to purchase their shares.

77.   Defendants acting through Tamm made untrue statements of material fact or omissions in connection with the tender offer for Deep Well shares or solicitation of shareholders in favor of its tender offer.   The materially misleading statements or omissions included, but were not limited to:

- The representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007;

- The representation that as of December 6, 2007, Tamm had effectively become the major controlling interest in Deep Well and had a majority interest in the Sawn Lake project;

- The representation made on December 10, 2007, that Tamm had acquired 31,800,000 shares of Deep Well;

- The March 28, 2008, representation that Tamm has a direct ownership of 45.7% in the Sawn Lake project;

- The March 31, 2008, representation that Tamm holds 3P recoverable reserves and up to 175 million barrels of oil, or 31.5 next sections of the Sawn Lake project;

- Various statements regarding Tamm's interest in Sawn Lake through a letter of intent executed with 1132559 Albert Ltd.;

- Various statements regarding Tamm's interests in the Sawn Lake project; and other statements, as alleged herein.

78.   Defendants acting through Tamm have engaged in fraudulent, deceptive or manipulative acts or practices in connection with the tender offer for Deep Well shares or

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

solicitation of shareholders in favor of its tender offer. The fraudulent, deceptive or manipulative acts or practices included:

- Issuing the Announcement, which included the representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007;

- Actively seeking to purchase shares of Deep Well from Deep Well shareholders pursuant to a tender offer or other solicitation without complying with all applicable laws and regulations;

- The false statements alleged above.

79.     Defendants' material misstatements and/or omissions and fraudulent, deceptive or manipulative acts were made and/or committed knowingly or with deliberate recklessness, as alleged above.

80.     Deep Well and its shareholders have been injured by Defendants' conduct.

**Fourth Cause of Action: Defamation**

**(All Defendants)**

81.     Plaintiff realleges paragraphs 1 through 80 as if set forth fully herein.

82.     As alleged herein, Defendants acting through Tamm have conspired to make numerous false statements concerning Deep Well and its interests in Sawn Lake that were published to the public and/or third parties without permission by Deep Well.  The materially misleading statements or omissions included, but were not limited to, the representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007; the representation that as of December 6, 2007, Tamm had effectively become the major controlling interest and a majority interest in the Sawn Lake project; the representation that as of December 6, 2007, various statements regarding Tamm's interest in Sawn Lake through a letter of intent

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

executed with 1132559 Albert Ltd.; various statements regarding Tamm's interests in the Sawn Lake project; and other statements.

83.     Defendants had no privilege for making these false statements.

84.     These statements concerning Deep Well were defamatory. The misrepresentations made concerning Tamm's purported interest in Deep Well and ownership interest in Sawn Lake lowered community estimates of Deep Well's business standing and incited derogatory opinions about Deep Well's strength and assets.

85.     Defendants' false and defamatory statements about Deep Well were made with knowledge that the statements were false or in reckless disregard of their falsity.

86.     Deep Well has been injured by Defendants' conduct, including but not limited to injury to Deep Well's business reputation and goodwill.

**Fifth Cause of Action: Violation of 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act**

**(All Defendants)**

87.     Plaintiff realleges paragraphs 1 through 86 as if set forth fully herein.

88.     Section 15 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) requires that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1), (B).

89.     Defendants acting through Tamm have made numerous false and misleading representations of fact in connection with its business in the oil and gas industry and its tender offer for Deep Well shares or solicitation of shareholders in favor of its tender offer. These

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

statements, in press releases and paid-for analyst reports, were made publicly and in commerce, and misrepresented the nature of both Tamm and Deep Well's commercial activities.

90.     The materially misleading statements or omissions included, but were not limited to, the representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007; the representation that as of December 6, 2007, Tamm had effectively become the major controlling interest and a majority interest in the Sawn Lake project; the representation that as of December 6, 2007, Tamm had completed its acquisition of certain Gross Overriding Royalty Rights in the Sawn Lake region; various statements regarding Tamm's interest in Sawn Lake through a letter of intent executed with 1132559 Albert Ltd.; various statements regarding Tamm's interests in the Sawn Lake project; and other statements.

91.     These false and misleading representations of fact made by Defendants acting through Tamm have harmed Deep Well, including but not limited to injury to Deep Well's business reputation and goodwill.

92.     Defendants' materially misleading statements or omissions were made willfully and this is an exceptional case under 15 U.S.C. § 1117. Deep Well is entitled to an award of costs and attorneys' fees.

**Sixth Cause of Action: Consumer Fraud Under NRS 41.600**

**(All Defendants)**

93.     Plaintiff realleges paragraphs 1 through 92 as if set forth fully herein.

94.     Nevada Revised Statute (NRS) 41.600 provides for a private right of action for anyone who is a victim of consumer fraud, defined in part as "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive."Id. § 41.600(2)(e). NRS 598.092(5) states that a person engages in a "deceptive trade practice" when in the course of his business or occupation he "[a]dvertises or offers an opportunity for investment and . . . (c) [m]akes any untrue statement of a material fact or omits to state a material fact which is necessary to make another statement,

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

considering the circumstances under which it is made, not misleading; [or] . . .(f) [f]ails to comply with any law or regulation for the marketing of securities or other investments." Id. § 598.092(5)(c), (f).

95.     Defendants acting through Tamm have made untrue statements of material fact or have omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in connection with its tender offer for Deep Well shares or solicitation of shareholders in favor of its tender offer, as alleged above. The materially misleading statements or omissions included, but were not limited to, the representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007; the representation that as of December 6, 2007 Tamm had effectively become the major controlling interest and a majority interest in the Sawn Lake project; the representation that as of December 6, 2007 Tamm had completed its acquisition of certain Gross Overriding Royalty Rights in the Sawn Lake region; various statements regarding Tamm's interest in Sawn Lake through a letter of intent executed with 1132559 Albert Ltd.; various statements regarding Tamm's interests in the Sawn Lake project; and other statements.

96.     Defendants engaged in fraudulent, deceptive or manipulative acts or practices in connection with its tender offer for Deep Well shares or solicitation of shareholders in favor of its tender offer. The fraudulent, deceptive or manipulative acts or practices included issuing the Announcement, which included the representation that Tamm had agreements to acquire 31,800,000 shares of Deep Well as of December 6, 2007, and actively seeking to purchase shares of Deep Well from Deep Well shareholders pursuant to a tender offer or other solicitation without complying with all applicable laws and regulations. It further included the false statements alleged above.

97.     Deep Well and its shareholders have been injured by Defendants' conduct, including but not limited to injury to Deep Well's business reputation and goodwill.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

98.    Defendants' untrue statements of material fact or omissions of material facts constitute grounds for finding of an award of costs and attorneys' fees under NRS 41.600(3)(b).

### Seventh Cause of Action: Civil Conspiracy

### (All Defendants)

99.    Plaintiff realleges paragraphs 1 through 98 as if set forth fully herein.

100.    All of the Defendants named above conspired to accomplish Tamm's tender offer for Deep Well's shares through their concerted action.

101.    According to Garry Tighe's sworn deposition testimony in this case, "a group of six people, plus Arthur," had "long . . . discussed over three or four years" the idea of consolidating Deep Well shares in a publicly traded company.  Garry Tighe identified this group as himself, his brother William Tighe, John Muzzin, Guido Hilekes, Peter Schreiber, Arthur Sulzer and Olaf Herr.   In the summer of 2007, Tighe testified, the group "decided it was time in the equity market" to act on the long-standing plan.  Referring to the group, Garry Tighe stated "we, amongst ourselves, decided the structure that we would take to Tamm, okay, which was the 113 interest, the GORR, and the Deep Well shares."  As relevant here, the group executed their decision through Tamm's tender offer which was intended to acquire up to 49% of Deep Well's shares.

102.    The group's purpose was more involved, however, than simply consolidating Deep Well shares in a public company.  The group's purpose was to gain effective control of Deep Well so that they could influence and direct its management to Tamm's benefit and Deep Well's detriment.   Through Garry Tighe the group demanded a shareholder meeting and representation on the Deep Well board of directors.  Further, Garry Tighe previously admitted to Curtis Sparrow, an officer and Director of Deep Well., that he had a plan for "orphaning" Deep Well, by which he meant gaining control over Deep Well and then refusing to support the company and allowing it to be delisted.  The ultimate purpose was to so weaken Deep Well as to

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

allow Tighe's group to more easily and cheaply obtain full control and ownership of Deep Well and, more importantly, its valuable assets in Sawn Lake.  In the summer of 2007, the group decided the time was right to take action on this plan.  As Garry Tighe would later put it in an email to Arthur Sulzer, the time was right to "move on DWOG."  The group did so through Tamm's illegal tender offer for Deep Well shares.

103.   To effectuate the plan, Defendants needed an empty and unencumbered corporate vessel.  Hence, as Garry Tighe explained in his deposition, he "spoke with our group . . . and then went looking for a vehicle."  From the start, the group realized that they could accomplish the tender offer through any publicly traded shell company.  The plan, Tighe testified, was "fixed before we even talked to Tamm.  If it would not have been done, we would have did it [*sic*] with somebody else, okay."

104.   Craig Auringer brought Tamm to Garry Tighe.  It was exactly what Defendants needed to set up shop.  As Garry Tighe said: "[i]t was an acceptable vehicle" to carry out the group's plan.

105.   To secure control of Tamm, Craig Auringer enlisted the help of his friend Sean Dickenson.  He loaned Dickenson money to purchase 3.8 million shares of Tamm, enough to gain effective control of the company.  Dickenson  agreed to act, at least nominally, as Tamm's sole officer and director.  His qualifications for the position were apparently only that he was a friend of Auringer.  He had no background in the oil and gas exploration business, and no experience running a public company.  Dickenson never intended to stay in his position any longer than necessary to accomplish the group's plan—which he expected to be by the end of 2007.  By that time, the group intended that Tamm would own 49% of Deep Well's shares, and Garry Tighe's brother William Tighe would assume control of Tamm.  Dickenson was simply a placeholder officer and director of Tamm.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

106.   Moreover, even though he was the sole officer and director of Tamm, Dickenson's scope of duties was limited from the beginning to keeping Tamm's books and handling its filings.  On substantive issues like the accomplishment of the tender offer, he took his instructions directly from Garry Tighe, Craig Auringer and other members of the group.

107.   On September 26, 2007, Garry Tighe informed Dickenson of the tender offer plan.  He told Dickenson that Defendants intended to acquire between 30 and 51% of Deep Well's shares on behalf of Tamm, with the optimal target being up to 49% of Deep Well's shares.  Defendants intended to acquire these shares on a 1:1 exchange basis for Tamm shares. As noted above, the group had worked out these terms of the tender offer in the summer of 2007.

108.   Garry Tighe and Craig Auringer then worked with Tamm's legal counsel to prepare a standard-form, generic share exchange agreement to be used in the tender offer, which provided for  "Selling Shareholders" to exchange their Deep Well shares for Tamm shares on a 1:1 basis.

109.   Once the form agreement was completed, it was delivered to all of the Defendants.  Garry Tighe, William Tighe, John Muzzin, Guido Hilekes, Arthur Sulzer, and LB (Swiss) each executed the form agreement to exchange their own Deep Well shares for Tamm shares.  In addition, all of the Defendants used the form agreement in furtherance of the tender offer conspiracy to solicit other Deep Well shareholders. Discovery in this case provides evidence, *inter alia*, of the following:  Garry Tighe, with the assistance of Craig Auringer and Guido Hilekes, delivered the form agreement to all of the other Defendants.  Garry Tighe solicited one of Deep Well's major shareholders in the United States.   Auringer ordered Dickenson to send the agreement to a shareholder who contacted Tamm, which Dickenson did. William Tighe delivered the form agreement to Gerald Vikse, who executed it.  Peter Schreiber solicited Rahn & Bodmer's participation in the tender offer.  On information and belief, John Muzzin solicited Deep Well shareholders in Vancouver, BC.  All three of the European asset

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

managers in the group: Sulzer, LB(Swiss), and Rahn & Bodmer, solicited innumerable of their clients who owned Deep Well shares.

110.    Arthur Sulzer executed the form agreement to exchange 2,597,509 million Deep Well shares owned in part or whole by his clients, and the agreement was publicly filed with the Securities Exchange Commission.  Some or all of these shares were electronically transferred to Tamm through the Depository Trust Company (Cede & Co.) and Brown Brothers Harriman, both United States entities.

111.    Olaf Herr, acting on behalf of LB (Swiss), executed the form agreement to exchange 14,289,276 million Deep Well shares owned in part by LB (Swiss)'s clients, including other Defendants, and the agreement was publicly filed with the Securities Exchange Commission.  Some or all of these shares were electronically transferred to Tamm through the Depository Trust Company (Cede & Co.) and Brown Brothers Harriman, both United States entities.

112.    Peter Schreiber contacted Rahn & Bodmer and enlisted its assistance.  Rahn & Bodmer executed the form agreement to exchange 4,646,215 million Deep Well shares owned wholly by its clients, including other Defendants, and the agreement was publicly filed with the Securities Exchange Commission.  Some or all of these shares were electronically transferred to Tamm through the Depository Trust Company (Cede & Co.) and Brown Brothers Harriman, both United States entities.  On information and belief, Rahn & Bodmer knew that it was furthering Tamm's tender offer.

113.    Notwithstanding their efforts, by December 6, 2007, Defendants believed that they had obtained only approximately 35% of Deep Well's shares, well short of their 49% goal.  Accordingly, Defendants had the December 6th Announcement alleged above publicly issued and made available worldwide via the internet, thereby more widely soliciting Deep Well shareholders, and pressuring Deep Well shareholders by representing that Tamm had already

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

obtained substantial control of Deep Well shares.   Defendants also arranged to have the European publication by SISM published and available via the internet, which repeated and enhanced the false and misleading statements made in the December 6th Announcement.   In addition, Defendants continued their individual solicitations of Deep Well shareholders through December and into at least January 2008.

114.   Defendants continued to act in furtherance of the tender offer conspiracy even though on December 13, 2007,  Tamm's legal counsel, Clark Wilson LLP, informed Tamm that its conduct appeared to implicate U.S. securities laws.   Clark Wilson's attorney wrote to Sean Dickenson: "[t]he number of DWOG shareholders solicited far exceeds the initial scope of our advice as to whether Tamm is triggering U.S. tender offer requirements by soliciting shareholders of DWOG."  Dickenson immediately forwarded this warning from Clark Wilson to Garry Tighe and Craig Auringer.   But notwithstanding the warning, on December 27, 2007, Tamm acted in concert with the other Defendants to execute the three share exchange agreements with Arthur Sulzer, LB (Swiss) and Rahn & Bodmer, accomplishing the acquisition of 21,533,000 Deep Well shares mainly from the clients of these asset managers.

115.   Tamm also received over 20 other executed share exchange agreements that tendered approximately 10 million additional Deep Well shares.   Attempting to disguise and hide the tender offer, Defendants had Tamm decline to sign these additional tendered shares exchange agreements.    Tamm did not, however, reject the tenders or even communicate back to the tendering parties.    It simply filed the executed agreements away.   In Tamm's Rule 30(b)(6) deposition, Dickenson testified that Tamm delayed executing the agreements to avoid the appearance of a tender offer and intended to execute the agreements at a later time, after the litigation was resolved.   The status of these agreements remains unclear.

116.   Defendants' conduct as alleged herein constitutes a civil conspiracy to accomplish Tamm's illegal tender offer.

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

117.   Deep Well and its shareholders have been injured by Defendants' conspiracy as alleged above, and are entitled to injunctive and other relief.

## V.   PRAYER FOR RELIEF

Having fully alleged Plaintiff's claims, Plaintiff seeks entry of judgment and prays for the following relief:

A.   For permanent injunctive relief to include and not be limited to an injunction:

    a.   Requiring that Defendants issue appropriate disclosures and retract the false and misleading statements concerning Deep Well in their prior representations through SEC filings, press releases, and all other appropriate means;

    b.   Prohibiting Defendants from exercising the voting rights or any other rights granted through ownership of Deep Well shares on any shares acquired pursuant to their unlawful tender offer(s) for Deep Well shares; attempting otherwise to influence or control Deep Well or its management;

    c.   Prohibiting Defendants from transferring their Deep Well shares and/or accepting transfer of any Deep Well shares acquired through their tender offer(s) for Deep Well shares;

    d.   Prohibiting Defendants from acquiring any additional Deep Well shares and/or taking any other actions in furtherance of their tender offer(s) for Deep Well shares;

    e.   Prohibiting Defendants from further conducting the tender offer indicated by the Announcement.

    f.   Prohibiting Defendants from issuing any false, misleading or derogatory statements about Deep Well, relating to its investments in Deep Well,

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

relating to its acquisition of Deep Well shares or relating to its control of any Deep Well assets;

g.      Requiring that the transactions through which Defendants acquired Deep Well shares pursuant to the tender offer(s) for Deep Well shares be completely rescinded and unwound and that any transfers made pursuant to those acquisitions be fully reversed;

h.      Requiring Defendants to comply with legal requirements in the making of any future tender offer or otherwise acquiring Deep Well shares;

B.      For damages and/or treble damages in an amount to be established at trial;

C.      For attorneys' fees and costs; and

D.      For all such other further relief as the Court deems just and equitable.

Dated this 22nd day of August, 2008

DORSEY & WHITNEY LLP

*s/ David M. Jacobson*

David M. Jacobson (WSBA 30125)
Shawn Larsen-Bright (WSBA 37066)
Jessica M. Andrade (WSBA 39297)
DORSEY & WHITNEY LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
(206) 903-8800
(206) 903-8820 (Fax)
            *Admitted pro hac vice*

Leslie Bryan Hart (SBN 4932)
1100 Bank of America Plaza
50 W. Liberty St.
Reno, NV 89501
775-788-8650
775-788-8682 (Fax)

Attorneys for Plaintiff Deep Well Oil & Gas, Inc.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

FIRST AMENDED COMPLAINT                -28-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this date I filed **FIRST AMENDED COMPLAINT (JURY DEMAND)** via the ECF/CM filing system, which provides notification to the following interested parties:

Thomas F. Kummer
Neal A. Klegerman
Lisa J. Zastrow
KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
3800 Howard Hughes Parkway, 7th Fl.
Las Vegas, NV 89169

Leslie Bryan Hart
LIONEL SAWYER & COLLINS
50 W. Liberty St., Ste. 1100
Reno, NV 89501

DATED this 22nd day of August, 2008.


_s/ Cynthia L. Acuff_____
Cynthia L. Acuff

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820